UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FRANCHOT E. THOMAS, SR.,** | ) | **CASE NO. 1:06CV02949** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE ANN ALDRICH** |
| | ) | |
| | ) | |
| **DIEBOLD ELECTION SYSTEMS, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM AND ORDER** |

Plaintiff Franchot E. Thomas, Sr. ("Thomas"), filed a complaint in the Court of Common Pleas, Cuyahoga County, Ohio, against defendants Diebold Election Systems, Inc. ("DESI") and Diebold, Incorporated ("Diebold"), (referred collectively hereinafter as "defendants"). (Doc. No. 1.). Subsequently, Thomas filed a first amended complaint, seeking damages from his unlawful termination based on claims of race and age discrimination, as well as a violation of public policy. On December 8, 2006, defendants filed a notice of removal to this court. (Doc. No. 1.).

On December 29, 2006, Thomas filed a motion to remand to state court. (Doc. No. 6.). On January 12, 2007, defendants filed a brief in opposition. (Doc. No. 15.). On January19, 2007, Thomas filed a reply. (Doc. No. 20.).

All issues have been fully briefed and are ripe for adjudication. For the following reasons, Thomas's motion to remand is granted.

## I. FACTUAL BACKGROUND

Thomas alleges that DESI is a Delaware Corporation registered to do business in Ohio and that Diebold is an Ohio corporation that conducts business in Cuyahoga County. Defendants premise their removal on the assertion that Diebold was fraudulently joined as a party solely to defeat federal diversity jurisdiction. Thomas maintains that he has a good faith belief that Diebold and DESI are integrated enterprises for the purposes of establishing liability for his alleged wrongful termination.

## II. DISCUSSION

According to the Sixth Circuit:

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander*, 12 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, the Court must remand the action to state court. The district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party.' *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *See Id.*

*Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "An action is 'colorable' if it is reasonable but speculative, that is, if there is a reasonable basis for predicting that state law might impose liability on the defendant under the facts alleged." *Wiseman v. Universal Underwriters Ins. Co.*, 412 F. Supp. 2d 801, 803 (S.D. Ohio 2005) (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 n.10 (8th Cir. 2003)).

**A. Defendants Cannot Prove Fraudulent Joinder**

Defendants maintain that Thomas fraudulently joined Diebold to destroy diversity. The

court disagrees. In essence, defendants assert that Thomas's discrimination claims relate to DESI and not Diebold; more specifically, that Thomas was never an employee of Diebold, but was rather an employee of DESI. The parties do not dispute that on paper, Diebold and DESI are separate corporate entities; Diebold is the parent company of DESI. Thomas's theory of liability, however, the "integrated enterprise" doctrine, would make both parties liable. Defendants fail to meet their burden to establish that Thomas has no colorable basis for his claims against Diebold.

**i)  Defendants Fail to Establish that Thomas Lacks a Colorable Claim Based on "Integrated Enterprise" Liability**

When deciding whether to treat two entities as a single employer, the court considers four factors:

> (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. None of these factors is conclusive, and all four need not be met in every case. Nevertheless, control over labor relations is a central concern.

*Swallows v. Barnes & Noble Book Stores*, 128 F.3d 990, 993-994 (6th Cir. 1997) (citation omitted).

There is no need to repeat Thomas's exhaustive catalogue of Diebold and DESI's interrelatedness. Suffice it to say, Thomas has alleged the necessary facts to establish a colorable claim, despite defendants' vigorous assertions to the contrary. Moreover, with respect to this

-3-

factual dispute, the legal standard prescribes that the court resolve it in favor of Thomas. *Coyne*, 183 F.3d at 493. At the very least, at this stage in the litigation, the court is not prepared to decide whether DESI and Diebold are integrated. Therefore, Thomas's motion to remand is granted.

### III. CONCLUSION

For the foregoing reasons, Thomas's motion for remand is granted. defendants are ordered to pay costs to be taxed by the Clerk, including attorneys' fees incurred as a result of this motion. Thomas shall file a separate motion for attorneys' fees, noting the time spent on this motion, as well as the reasonable rate spent on this type of work in this market. Defendants' motion to dismiss (Doc. No. 5.) is denied as moot. The Clerk of Court is instructed to remand this case to the Court of Common Pleas Cuyahoga County.

IT IS SO ORDERED.

s/Ann Aldrich<br>
ANN ALDRICH<br>
UNITED STATES DISTRICT JUDGE

Dated: **February 5, 2007**